# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Legacy Advancement,<br><br>    Plaintiff,<br><br>vs.<br><br>Vertex Education, LLC, and<br>Legacy Traditional Schools-South Carolina,<br><br>    Defendants. | Civil Action No.: 6:24-cv-4047-JDA<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Legacy Advancement, for its Complaint against the Defendant, alleges:

## THE PARTIES

1. Legacy Advancement ("Legacy" or "Plaintiff") is a South Carolina corporation, whose address is 104 Broadus Avenue, Greenville, South Carolina, 29601.

2. Vertex Education, LLC ("Vertex" or "Defendant") is an Arizona limited liability company, whose address is 3125 South Gilbert Road, Chandler, Arizona, 85286.

3. Legacy Traditional Schools-South Carolina ("LTS" or "Defendant"), whose registered agent address is 659 Oakfield Drive, Charleston, South Carolina 29412.

## NATURE OF ACTION

4. This action arises under 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1119 and 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademarks and unfair competition), 1367, and 2201.

1

6. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7. This Court has in personam jurisdiction over Defendant arising out of its acts in this judicial district. The Defendant conducts and transacts business in South Carolina, contracts in South Carolina to supply services to South Carolinians, commits tortious acts in whole or in part in South Carolina, and enters into contracts to be performed in whole or in part by either party in South Carolina, which confers this Court with jurisdiction over the Defendant pursuant to S. C. Code Ann. §§ 36-2-802, 803.

8. Venue is proper in this District for at least the reasons that Defendant conducts business in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A. The Legacy Marks

9. For decades, Legacy and its predecessors have provided educational services in the nature of charter schools starting at elementary to college levels for underserved students. Through the years, Legacy has cultivated an unmatched strategy for empowering youth to overcome socioeconomic barriers and achieve the success they deserve ("Legacy Services"). Legacy's unwavering commitment to implement that strategy resulted in an exemplary education model. *See* Exhibit 1, Copies of Legacy articles and publicity, e.g., "Greenville Teacher of the Year."

10. At least by 2007, Legacy promoted and advertised Legacy Services with the word LEGACY. *See* Exhibit 2, Camp Flyer. Since then, Legacy has continued to use LEGACY alone or in combination with other words and designs, including without limitation LEGACY EARLY COLLEGE and the design below ("Legacy's Marks"):

11. Legacy's impeccable reputation and goodwill are symbolized by the Legacy Marks.

12. In connection with the Legacy Marks, Legacy owns South Carolina state registration for LEGACY. *See* Exhibit 3, SC State Registration.

13. As a result of Legacy's extensive and prolonged use and significant advertising of the Legacy Marks, consumers and the public have come to associate the Legacy Marks exclusively with Legacy and Legacy's Services. And, these are not ordinary consumers, they are vulnerable, impressionable students in need, along with their caregivers, which are largely unsophisticated. Legacy is Title I school composed of more than ninety-per cent (90%) students of color. Many of Legacy's scholars' families do not speak English. Certainly, they try to obtain the best school choice and future for their children; however, they are not likely to discern that another Legacy is unaffiliated with the Legacy they know.

**B.     Defendant's Junior Trademarks and Trademark Infringement**

14. Defendant Vertex is the listed owner of U.S. Registration Nos. 5726119, 5726121, and 6910884 for the following marks:

LEGACY TRADITIONAL SCHOOL





3

These registrations all list "educational services in the nature of charter schools" as the related services ("Defendant's Registrations"). *See* Exhibit 4, Copies of Defendant's Registrations. Upon information and belief, Defendant LTS is a licensee of Defendant Vertex and Defendant's Registrations.

15. Defendant's Registrations assert that the respective subject marks were used in 2010, 2016, and 2021, all after Legacy's use of the Legacy Marks. Moreover, Defendant's alleged use appears to be limited to territories in Arizona, Nevada, and Texas.

16. Upon information and belief, Defendant LTS is a licensee of Defendant Vertex and Defendant's Registrations. In particular, LTS is a South Carolina non-profit formed by Vertex, under Vertex's control, that has the same registered agent as Vertex. Thus, Vertex intends to use LTS to establish the Vertex business activities in South Carolina.

17. Recently, Legacy became aware of Defendants' intentions to enter Legacy's established market, namely, South Carolina. *See* Exhibit 5 and the screenshots below of Defendants' Announcements.

4








18.     In addition to this type of promotion, Legacy learned that Defendants were actively engaging with South Carolina residents on social media platforms.  *See* Exhibit 6 and the screenshots below from Defendants' Facebook® site.  Defendants' use of LEGACY in connection with services that directly compete with Legacy are not only likely to cause confusion, they already have.







19.     Indeed, the confusion continues to escalate.  As recently as June of 2024, SC Department of Education officials involved with planning and approving new schools mistakenly concluded Legacy was the source of Defendant's proposal(s) in the Two Notch, Columbia area.  *See* Exhibit 7, Message from SC Dept. of Ed.

20.     Upon learning of these activities and feeling their impact, Legacy took action to stop Defendants' infringement and mitigate Legacy's mounting harm.  In addition to filing a cancellation proceeding at the United States Patent and Trademark Office (Cancellation No. 92084938), Legacy requested Defendant Vertex to halt its efforts, presumably through LTS or otherwise, to promote and advertise charter schools

in South Carolina with the word LEGACY.  Rather than accept Legacy's reasonable demand to select a different charter school name, Defendant Vertex threatened to take legal action should Legacy refuse to allow Defendants to use confusingly similar, junior marks in Legacy's market.

21. Upon information and belief, Defendants intend to open no fewer than six charter schools within the next two years in the Greenville, Columbia, and Charleston areas.  Considering the confusion created by the mere announcement and advertising activities, the harm caused by Defendants' actual charter school openings will be irreparable.

22. Quite simply, the reputation and valuable goodwill of Legacy, the clear senior trademark user, are under attack.  Legacy has thus been forced to bring this action to stop Defendants' intentional and infringing activities.

### **FIRST CAUSE OF ACTION**
**False Designation of Origin and Unfair Competition**

23. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

24. Legacy's continuous and substantially exclusive use of the Legacy Marks have established a strong association between these marks and Legacy with consumers and the general public.

25. Without Legacy's permission, Defendants adopted and continue to use trademarks, which are confusingly similar to the Legacy Marks, with Defendants' services they advertising and promoting to the general public.

26. Defendants' charter school services directly compete with the Legacy Services and are marketed to the same consumers.

27. Upon information and belief, Defendants have promoted and advertised its services with the confusingly similar marks in interstate commerce. Defendants promote and advertise educational services under the name "LEGACY," including but not limited to through a website having a domain name <southcarolina.legacytraditional.org>, as well as social media site, <facebook.com/LTSGreenville/>.

28. As a direct consequence of Defendants' actions, Legacy's consumers and potential consumers have been, likely have been, and will continue to be mistaken, deceived, or confused as to the source, origin, sponsorship, and/or endorsement of Defendants' services and its relationship to Legacy. Consumers are likely to be confused as to the true origin of Defendants' services, and are deceptively led to believe that the services Defendantd promote, advertise, and provide are endowed with the same desirable attributes as the services by Legacy.

29. Upon information and belief, Defendants have adopted and are currently using the confusingly similar marks with full knowledge of Legacy's rights and with the intent to deceive, mislead and confuse consumers and the public into believing that Legacy is the source of Defendants' services, or that Defendants' services are sponsored by, endorsed by, licensed by, or affiliated with Legacy so as to trade on Legacy's reputation and substantial goodwill associated with the Legacy Marks.

30. Defendants' unlawful acts constitute false representation as to source, and unfair competition in violation of the Lanham Act, 15 U.S.C. Section 1125(a).

31. As a direct and proximate result of Defendants' conduct, Legacy has suffered, and will continue to suffer, damage to its business, reputation, and goodwill, for which Legacy is entitled to a temporary and permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs, and attorney's fees.

## SECOND CAUSE OF ACTION
### Trademark Infringement under South Carolina Law

32. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

33. As a result of Defendants' conduct, consumers are confused, and will likely continue to be confused, mistaken, or deceived as to affiliation, connection, and/or association of Defendants with Legacy, as to the origin, sponsorship, or approval of Defendants' charter school services, and/or as to the nature, characteristics, or qualities of Defendants' charter school services.

34. Defendants' conduct, including as described above, constitutes trademark infringement under South Carolina common law.

35. By virtue of the foregoing conduct and as a proximate result therefrom, Legacy has been damaged.

36. Because of Defendants' conduct, Legacy has suffered and, unless Defendants' conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

37. Legacy is entitled to judgment against Defendants for the damages proximately caused by its trademark infringement.

### THIRD CAUSE OF ACTION
**Unfair Competition under South Carolina Law**

38. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

39. The acts and conduct of Defendants alleged herein constitute intentional and willful unfair methods of competition and unfair or deceptive acts or practices in commerce in violation of South Carolina, S.C. Code Ann. §§39-5-10, *et seq*.

40. The acts and conduct of Defendants alleged herein constitute intentional and willful unfair competition which is likely to have an adverse impact upon the public.

41. The intentional and willful unfair methods of competition and unfair deceptive acts or practices by Defendants are capable of being repeated, and in fact are being repeated.

42. As a direct and proximate result of Defendants' unfair competitive acts in contravention of South Carolina law, Legacy has been injured and damaged, and is entitled to damages, trebled, as well as attorneys' fees and costs incurred in this litigation.

### FOURTH CAUSE OF ACTION
**Cancellation of Trademark Registration(s)**

43. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

44. In applying for Defendant's Registrations, Defendant Vertex informed the United States Patent and Trademark Office that it first began using the alleged marks no sooner than 2010, which is well after the activities of Legacy outlined above in Paragraphs 9-10 of promoting, advertising, and providing charter school services under the Legacy Marks.

45. Defendant's Registrations should be cancelled, under 15 U.S.C. §1052(d), because use by Defendants of the alleged marks, all of which include LEGACY for the claimed services, have caused, and are likely to cause confusion as to Legacy's previously-used LEGACY mark.

## **FIFTH CAUSE OF ACTION**
### Abandonment or Transfer of Domain Name

46. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

47. The Defendants' domain name <southcarolina.legacytraditional.org> is confusingly similar with the Legacy Marks.

48. The similarity between the Defendants' domain name and the Legacy Marks creates a high risk of confusion among consumers and Internet users. There is and will be a high risk that visitors of the site accessible through the domain name <southcarolina.legacytraditional.org> confuse it for being interconnected with Legacy and incorrectly confuse the information found there as being provided or accepted by Legacy. Thus there will be a high risk of damage to Legacy's goodwill.

49. Defendants have no rights or legitimate interest in the domain name <southcarolina.legacytraditional.org>.

50. Defendants have not acquired valid trademark rights that could support a legitimate interest in the domain name, and Legacy has not licensed or otherwise authorized Defendants to use the confusingly similar term "LEGACY."

51. By using the domain name <southcarolina.legacytraditional.org>, which is confusingly similar to the Legacy Marks for identical services, Defendants have intentionally attempted to misleadingly divert present and potential new internet users to the Defendants' website for commercial gain by creating a likelihood of confusion with the Legacy Marks as to the source, sponsorship, affiliation, or endorsement of the Defendants' website or services on Defendants' website.

52. For the foregoing reasons, Defendants should be ordered to abandon, or to transfer to Legacy, the domain name <southcarolina.legacytraditional.org>.

## FIFTH CAUSE OF ACTION
### Declaratory Judgment of Noninfringement

53. The preceding allegations are incorporated by reference herein as fully as if repeated verbatim.

54. Defendant Vertex has threatened Legacy of infringing alleged trademark rights in the alleged marks covered by Defendant's Registrations and/or any alleged rights asserted by its presumed licensee LTS.

55. As asserted above, Legacy's trademark rights in the Legacy Marks predate and are superior to any rights, to the extent there are any, in Defendants' alleged marks represented in Defendant's Registrations.

56. An actual case or controversy, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, exists between Legacy and

Defendants, Legacy and Defendants having adverse legal interests, regarding the existence or not of trademark rights to Defendants and the superiority of Legacy's trademark rights.

57.  Legacy is entitled to the decree and declaration of the Court that it infringes no trademark right of Defendants in the term "LEGACY."

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a.  That Plaintiff be awarded compensatory damages, treble damages, disgorgement of profits, and attorney's fees;

b.  A preliminary injunction, and upon final hearing, a permanent injunction, enjoining Defendants, its agents, employees and any persons acting in concert with Defendants, from: (i) improperly using or misappropriating, directly or indirectly, the Legacy Marks or any colorable imitation thereof or mark confusingly similar thereto; (ii) holding themselves out to the public as being authorized by or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the Legacy Marks;

c.  That the Court cancel U.S. Trademark Registration Nos. 5726119, 5726121, and 6910884;

d.  That the Court order and decree that Plaintiff's use of its Legacy Marks as described herein is not likely to cause confusion, mistake or to deceive,

    does not infringe upon or dilute any trademarks owned by the Defendants, does not violate any rights of the Defendants, and does not cause any damage to the Defendants;

e. That Plaintiff be awarded pre-judgment interest on any damages awarded to Plaintiff;

f. That Defendants be ordered to pay all costs associated with this action; and

g. That Plaintiff be granted such other and additional relief as the Court deems just and proper.

        Respectfully submitted,

        MAYNARD NEXSEN PC

July 19, 2024      s/ *Sara Centioni Kanos*
        Sara Centioni Kanos (Fed. ID #9978)
        110 S. Main St., Suite 900
        Greenville, SC 29601
        Telephone: 864-282-1171
        Facsimile: 864-282-1177
        E-mail: skanos@maynardnexsen.com

        *Attorneys for Plaintiff*

17