IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| LEGACY ADVANCEMENT,<br><br>    Plaintiff,<br><br>v.<br><br>VERTEX EDUCATION, LLC, AND LEGACY TRADITIONAL SCHOOLS-SOUTH CAROLINA,<br><br>    Defendants. | Civil Action No. 6:24-CV-4047-JDA |

**DEFENDANT VERTEX EDUCATION, LLC'S ANSWER TO
LEGACY ADVANCEMENT'S COMPLAINT**

Defendant Vertex Education, LLC ("Vertex") answers the numbered paragraphs of Plaintiff Legacy Advancement's Complaint as follows:

**THE PARTIES**

1. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2. Vertex admits the allegations in Paragraph 2 of the Complaint.

3. Vertex admits the allegations in Paragraph 3 of the Complaint.

**NATURE OF ACTION**

4. In response to Paragraph 4 of the Complaint, Vertex admits that Plaintiff purports to bring claims under 15 U.S.C. § 1051 et seq. and 28 U.S.C. § 2201, but denies that Vertex is liable for those claims and that Plaintiff is entitled to recover any relief against Vertex under those statutes or common law.

1

5. Vertex admits that this Court has subject-matter jurisdiction over the claims Plaintiff has asserted against Vertex. Vertex denies the remaining allegations in Paragraph 5 of the Complaint.

6. Vertex admits that venue in this judicial district is proper. Vertex denies the remaining allegations in Paragraph 6 of the Complaint.

7. Vertex admits that this Court has personal jurisdiction over it for purposes of this civil action. Vertex denies the remaining allegations in Paragraph 7 of the Complaint.

8. Vertex admits that venue in this judicial district is proper. Vertex denies the remaining allegations in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

**A.    The Legacy Marks**

9. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, including the authenticity of Exhibit 1 and whether it is a true and correct copy of what it purports to be.

10. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, including the authenticity of Exhibit 2 and whether it is a true and correct copy of what it purports to be

11. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, including the authenticity of Exhibit 3 and whether it is a true and correct copy of what it purports to be.

13. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

**B.  Defendant's Junior Trademarks and Trademark Infringement**

14. Vertex admits the allegations in Paragraph 14 of the Complaint, including that Exhibit 4 contains true and correct copies of Defendant's registration Nos. 5,726,119, 5,726,121 and 6,910,884, except it denies that Defendant Legacy Traditional Schools- South Carolina is licensed to use the mark in U.S. Registration No. 6,910,884.

15. Vertex admits that its Registration No. 5,726,119 lists a first use date of January 1, 2010, that its Registration No. 5,726,121 lists a first use date of September 1, 2016, and that its Registration No. 6,910,884 lists a first use date of August 1, 2021. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegation that Vertex used its mark after Legacy used its Legacy Marks. Vertex denies the remaining allegations in Paragraph 15 of the Complaint.

16. Vertex denies that Defendant Legacy Traditional Schools- South Carolina is licensed to use the mark in U.S. Registration No. 6,910,884, but admits the remaining allegations in Paragraph 16 of the Complaint.

17. Vertex lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, including the authenticity of Exhibit 5 and whether it is a true and correct copy of what it purports to be.

18. Vertex admits that it has engaged South Carolina residents on social media platforms. Vertex lacks knowledge or information sufficient to form a belief about the authenticity of Exhibit 6 and whether it is a true and correct copy of what it purports to be. Vertex denies the remaining allegations in Paragraph 18 of the Complaint.

19. Vertex lacks knowledge or information sufficient to form a belief about the authenticity of Exhibit 7 and whether it is a true and correct copy of what it purports to be. Vertex denies the remaining allegations in Paragraph 19 of the Complaint.

20. Vertex admits that Plaintiff filed cancellation proceeding No. 92084938 in the United States Patent and Trademark Office, Trademark Trial and Appeal Board, and that Plaintiff requested that Vertex stop advertising and promoting charter schools in South Carolina using the word LEGACY. Vertex denies the remaining allegations in Paragraph 20 of the Complaint.

21. Vertex admits that it intends to open charter schools in Columbia and Charleston, South Carolina, under its LEGACY brand. Vertex denies the remaining allegations in Paragraph 21 of the Complaint.

22. Vertex denies the allegations in Paragraph 22 of the Complaint.

## FIRST CAUSE OF ACTION

### False Designation of Origin and Unfair Competition

23. In response to Paragraph 23 of the Complaint, Vertex incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

24. Vertex denies the allegations in Paragraph 24 of the Complaint.

25. Vertex denies the allegations in Paragraph 25 of the Complaint.

26. Vertex denies the allegations in Paragraph 26 of the Complaint.

27. Vertex admits that it advertises and promotes educational services under the mark LEGACY TRADITIONAL SCHOOL, including through a website at southcarolina.legacytraditional.org and a social media site at Facebook. Vertex denies the remaining allegations in Paragraph 27 of the Complaint.

28. Vertex denies the allegations in Paragraph 28 of the Complaint.

29. Vertex denies the allegations in Paragraph 29 of the Complaint.

30. Vertex denies the allegations in Paragraph 30 of the Complaint.

31. Vertex denies the allegations in Paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

### Trademark Infringement under South Carolina Law

32. In response to Paragraph 32 of the Complaint, Vertex incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

33. Vertex denies the allegations in Paragraph 33 of the Complaint.

34. Vertex denies the allegations in Paragraph 34 of the Complaint.

35. Vertex denies the allegations in Paragraph 35 of the Complaint.

36. Vertex denies the allegations in Paragraph 36 of the Complaint.

37. Vertex denies the allegations in Paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION

### Unfair Competition under South Carolina Law

38. In response to Paragraph 38 of the Complaint, Vertex incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

39. Vertex denies the allegations in Paragraph 39 of the Complaint.

40. Vertex denies the allegations in Paragraph 40 of the Complaint.

41. Vertex denies the allegations in Paragraph 41 of the Complaint.

42. Vertex denies the allegations in Paragraph 42 of the Complaint

## FOURTH CAUSE OF ACTION

### Cancellation of Trademark Registration(s)

43. In response to Paragraph 43 of the Complaint, Vertex incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

44. Vertex admits that it informed the United States Patent and Trademark Office that its first use of the registered mark LEGACY TRADITIONAL SCHOOL for educational services (Registration No. 5,726,119) was as early as January 1, 2010. Vertex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint.

45. Vertex denies the allegations in Paragraph 45 of the Complaint.

## FIFTH CAUSE OF ACTION

### Abandonment or Transfer of Domain Name

46. In response to Paragraph 46 of the Complaint, Vertex incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

47. Vertex denies the allegations in Paragraph 47 of the Complaint.

48. Vertex denies the allegations in Paragraph 48 of the Complaint.

49. Vertex denies the allegations in Paragraph 49 of the Complaint.

50. Vertex admits that Plaintiff has not licensed or otherwise authorized Defendants to use the term "LEGACY," but denies the remaining allegations in Paragraph 50 of the Complaint, including that a license or authorization was required.

51. Vertex denies the allegations in Paragraph 51 of the Complaint.

52. Vertex denies the allegations in Paragraph 52 of the Complaint.

## FIFTH [SIC] CAUSE OF ACTION

### Declaratory Judgment of Noninfringement

53. In response to Paragraph 53 of the Complaint, Vertex incorporates by reference the foregoing paragraphs of this Answer as though fully set forth herein.

54. Vertex denies the allegations in Paragraph 54 of the Complaint.

55. Vertex admits that it owns Registration Nos. 5,726,119; 5,726,121 and 6,910,884. Vertex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55 of the Complaint.

56. Vertex denies the allegations in Paragraph 56 of the Complaint.

57. Vertex denies the allegations in Paragraph 57 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Vertex requests that the Court deny Plaintiff's Prayer for Relief in the Complaint (Dkt. No. 1 at 16–17). Plaintiff is not entitled to any relief and should take nothing, and judgment should be entered for Vertex on all claims in the Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred in whole or in part by 15 U.S.C. § 1115(b)(5) or prior user defense.

**Third Affirmative Defense**

Plaintiff's claims are barred in whole or in part by 15 U.S.C. § 1115(b)(6) or prior user defense.

**Fourth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because of laches, waiver, and estoppel. Plaintiff unreasonably delayed in asserting its rights after it knew or should have known of one or more of its claims, and Vertex has been unduly prejudiced because of Plaintiff's unreasonable delay.

**Fifth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

Respectfully Submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
843-972-0004, 843-972-0006 (f)
jmunterstarklaw@gmail.com
LOCAL COUNSEL FOR DEFENDANT VERTEX

John J. Dabney (pro hac vice pending)
Mary D. Hallerman (pro hac vice pending)
Morgan R. Povinelli (pro hac vice pending)
SNELL & WILMER L.L.P.
2001 K Street, N.W. Ste. 425 North
Washington, DC 20006-1073
202.908.4260, 202.925.5956 (f)
jdabney@swlaw.com
mhallerman@swlaw.com
mpovinelli@swlaw.com
ATTORNEYS FOR DEFENDANT VERTEX

November 6, 2024
Mt. Pleasant, SC